# Rumsey Electric Co. v. Keystone Furniture Co., Inc.

*Geisenberger & Geisenberger*, for motion.

*F. Lyman Windolph* and *Zimmerman, Myers & Kready*, contra.

LANDIS, P. J., April 19, 1930.—On Oct. 31, 1929, the plaintiff brought suit against the defendant company to recover the amount due on a book account of $3547. It was asserted in the plaintiff's statement that, from Aug. 12, 1929, to Oct. 1, 1929, the defendant purchased and the plaintiff delivered to it merchandise, consisting of radio sets, radio receivers, radio tubes and parts, to the amount of $4730.96, and that on this sum the defendant is entitled to a credit of $1183.96. Attached to the statement is an itemized account of said merchandise.

To this the defendant filed an affidavit of defense. It was therein admitted that it had purchased from the plaintiff the items mentioned in the exhibits at the prices fixed by the plaintiff, and the defendant then proceeded to set out the defense which it claimed to have to the plaintiff's demand. But now paragraph 4 of this affidavit is expressly complained of, and it is asserted that it is not in compliance with the Practice Act of 1915. It may, perhaps, be true that the allegations are with more particularity than is necessary in an affidavit of defense; but we think it is sufficiently clear and precise and with no evasiveness. The plaintiff certainly can understand, from the facts contained in it, the defense which it will be expected to meet at the trial.

Objections of this character are of little help to a pleader. The material defects, if any, can be taken advantage of when the cause comes before the court for trial, and if it there appears that necessary facts are omitted, the defendant must then suffer for his dereliction. He can offer no more than he asserts. If, too, any part of his affidavit is vague and uncertain, and it is necessary for a proper understanding that it be more precise, that objection can, I take it, be ascertained when pointed out on a rule for a more specific statement of his defense in this regard. This will accomplish the same purposes as the filing of a new affidavit of defense and will avoid the delays which necessarily arise from following the latter practice.

It must be understood that this is not a rule for judgment for want of a sufficient affidavit of defense, but a motion to strike off the affidavit of defense. The plaintiff cannot suffer by reason of the prolixity of the affidavit. Nor is there any set-off contained in the affidavit of defense which must be met. It must be conceded that there is new matter, but the agreement attached to the affidavit of defense and the allegations of non-compliance with it sufficiently give notice to the plaintiff of the defense which will be offered. There will be no difficulty in its denying these assertions, if it can, in a reply, and the case will then be at issue.

I see no merit in the objections advanced, and am not inclined to aid in sustaining such as in my judgment can accomplish no real good. The motion in this case is, therefore, overruled. Motion overruled.

From George Ross Eshleman,Lancaster, Pa.